SHORTESS, Judge.
Mary Collura Sehillace (plaintiff) brought this suit against Channell Shopping Partnership and Robin W. Poirier (defendants) seeking dissolution of defendants’ seizure of certain certificates of deposit belonging to plaintiff, as well as damages and attorney fees. From an adverse judgment, plaintiff appeals.
FACTS
On June 23, 1988, plaintiffs late husband, Joe Sehillace, III, entered into a commercial lease agreement with Channell Shopping Center, a partnership, for the lease of certain space located within the shopping center. The primary term of the lease was two years commencing September 1, 1988, and terminating August 31, 1990, at a monthly rental of $2,500.00. On May 9, 1989, plaintiffs husband died. Thereafter, she was appointed administratrix of his succession and continued to operate the business located in the shopping center for approximately two and one-half months following his death. Plaintiff failed to make rental payments on the lease during this period, and some time in early August 1989 she removed the merchandise and other movables from the leased premises and brought them to a store operated by her son. Defendants subsequently filed suit on the lease and obtained a writ of sequestration ordering the seizure of all goods, wares, and merchandise located in plaintiffs son’s store.
To avoid seizure of the merchandise, plaintiff and defendants entered into an agreement whereby plaintiff paid defendants $15,-000.00 in cash and executed a promissory note in the amount of $27,150.00, which represented the remaining balance due under the lease. Following this agreement, the sequestration was recalled by defendants’ attorney and no further action was taken in the suit. Plaintiff subsequently defaulted on the note, and defendants filed a new suit on May 9, 1990. A judgment was ultimately rendered in defendants’ favor on December 5, 1990. Thereafter, defendants filed a judgment debtor rule and, based upon the information gathered therein, filed garnishment proceedings resulting in the seizure of certain certificates of deposit belonging to plaintiff.
Plaintiff then filed the instant suit against defendants, seeking to dissolve the seizure of the certificates of deposit on the ground that the funds seized were derivative proceeds of the life insurance policy on her late husband, and as such were exempt from seizure under the provisions of Louisiana Revised Statute 22:647(A)(1). Plaintiff also sought, and was granted, a preliminary injunction enjoining the payment of any of said funds to defendants until such time as the status of the funds was determined through trial. Following a hearing on the merits, the trial court ruled in defendants’ favor, specifically rejecting plaintiffs demands. The trial court further recalled and vacated the injunctive relief previously issued.
On appeal, plaintiff contends the trial court erred in (1) not recognizing the continuing obligation of the lease agreement in the form of the promissory note; (2) failing to award damages and attorney fees; and (3) misinterpreting Revised Statute 22:647(A)(1).
LSA-R.S. 22:647(A)(1)
Plaintiff contends the trial court erred in not finding the certificates of deposit exempt from seizure under the provisions of Revised Statute 22:647(A)(1). That statute provides:
The lawful beneficiary, assignee, or payee, including the insured’s estate, of a life insurance policy or endowment policy, heretofore or hereafter effected shall be entitled to the proceeds and avails of the policy against the creditors and representatives of the insured and of the person effecting the policy or the estate of either, and against the heirs and legatees of either such person, and such proceeds and avails shall also be exempt from all liability for any debt of such beneficiary, payee, or assignee or estate, existing at the time the proceeds or avails are made available for his own use. For purposes of this Subsection, the proceeds and avails of the policy include the cash surrender value of the policy.
(Emphasis added.) Plaintiff argues the debt sued upon existed at the time the insurance *47 proceeds were made available to her and, therefore, such proceeds are exempt from seizure. More specifically, plaintiff argues the note which she executed in favor of defendants was merely a continuance of the prior obligation on the lease, and, therefore, the certificates of deposit purchased with the proceeds are not subject to seizure in satisfaction of defendants’ judgment. Defendants, on the other hand, contend the debt sued upon arose after payment of the life insurance proceeds to plaintiff, and therefore such proceeds are not exempt from seizure. They argue the execution of the note was in full settlement of the prior sequestration suit and thus amounted to a novation. Accordingly, defendants claim the note represents a new debt which arose only after the insurance proceeds were paid to plaintiff.
The record reveals the insurance proceeds were made available to plaintiff on or about July 27,1989. However, the note in question was signed by plaintiff on August 15, 1989. The key issue to be determined is whether the August 15, 1989, note represents the prior obligation under the lease or whether a novation occurred resulting in a new obligation.
NOVATION
Novation is the extinguishment of an obligation by the substitution of a new one. LSA-C.C. art. 1879. Novation takes place when, by agreement of the parties, a new performance is substituted for that previously owed, or a new cause is substituted for that of the original obligation. LSA-C.C. art. 1881. Novation may not be presumed. LSA-C.C. art. 1880. The determining factor is the intention of the parties. The intention to novate may be shown by the character of the transaction, the facts and circumstances surrounding it, as well as by the terms of the agreement itself. Scott v. Bank of Coushatta, 512 So.2d 356 (La.1987).
After a thorough review of the facts and evidence presented, and in light of the law regarding novation, we are convinced that the prior obligation under the lease was novated by the execution of the August 15, 1989 promissory note. Clearly, the existing obligation, ie., the debt under the lease, was extinguished by the substitution of a new one, ie., the promissory note. The respective obligations were different in date, amount, method of payment, date of payment, and signatories. Furthermore, it is apparent the parties intended for a novation to take place when they settled the sequestration suit. Indeed, both plaintiffs and defendants’ attorneys agreed on the record during plaintiffs deposition that the $15,-000.00 cash payment and execution of the promissory note were in full settlement of defendants’ suit and, necessarily, the underlying obligation on the lease. Accordingly, the debt sued upon arose only after the date the life insurance proceeds were made available to plaintiff, and therefore were not exempt from seizure under Revised Statute 22:647(A)(1).
We note that defendants contend the trial court erred in not awarding them damages and attorney fees incurred as a result of this litigation and request this court to make such an award. However, this request, which was made in defendants’ brief, may not be considered by this court as defendants did not appeal or answer the appeal. LSA-C.C.P. art. 2133.
For these reasons, the judgment of the trial court dismissing plaintiffs suit is affirmed. Costs of appeal are assessed to plaintiff.
AFFIRMED.