THERIOT, J.,
dissents and assigns reasons.
_JjI respectfully disagree with the findings of the majority as it pertains to the issue of novation.
The Louisiana Civil Code provides for two varieties of novation. In an objective novation, the parties agree that a new performance or cause is substituted for the previous one. La. C.C. art. 1881. In a subjective novation, a new obligor is substituted for a prior obligor who is discharged by the obligee. This can be accomplished without the consent of the pri- or obligor, unless the prior obligor still had an interest in performing the obligation. La. C.C. art. 1882. The banks never agreed with the Perricones or Cioli-nos to extinguish their obligations under the lease in favor of a new obligor; therefore, an objective novation never occurred, However, a subjective novation may have occurred. The intention to extinguish the original obligation must be clear and unequivocal, and cannot be presumed, ULa.C.C. art. 1880. However, even if an obligee does not expressly declare in a written act that his original obligor is to be released, a novation may nonetheless be found if all the circumstances surrounding the transaction show that a no-vation was clearly intended by the obligee. Pike Burden Printing, Inc. v. Pike Burden, Inc., 396 So.2d 361, 366 (La.App. 1 Cir.1981).
In his deposition testimony, Charles A. Ciolino claimed he had no knowledge of the banks’ assignment of the leasehold interests. However, his testimony contradicts the acknowledgement of assignment of lease he signed on December 6, 2001. This contradiction of sworn statements raises a credibility issue. This issue goes to the crux of the case, the intention of the obligee. The obligee’s true intentions are best established at a trial with examination and cross examination of witnesses. The trier of fact must look at the circumstances surrounding the 2001 acknowledgment in addition to the terms of the agreement itself. See GE Commercial Finance Business Property Corp. v. Louisiana Hospital Center, L.L.C., 10-1838 (La.App. 1 Cir. 6/10/11), 69 So.3d 649, 656; Schillace v. Channell Shopping Partnership and Robin W. Poirier, 623 So.2d 45, 47 (La.App. 1 Cir.1993). The presence of a genuine issue of material fact precludes the granting *699 of summary judgment. Therefore, I respectfully dissent.