AYRES, Judge.
This is an action on a lease contract. By written agreement plaintiff leased to defendant, for a period of three years, a portion of a brick building bearing Municipal No. 4311 A, Broadway Street, in the City of Shreveport, for defendant’s purpose of operating a cleaning and pressing establishment.
Provisions of the lease, material to the issues presented, were: First, that the lessee, on termination of the lease, return the property to the possession of the lessor in as good condition as when received, the usual wear and tear excepted; and, second, that, should the nature of the lessee’s business cause any increase in the insurance rates on the building, or any part thereof, as then existed, or, as may be added thereto, the lessee reimburse the lessor the amount of increase in the insurance premiums on said property; and, third, that failure to pay any monthly installment of rent within 10 days from its maturity would, at the option of the lessor, mature the future monthly installments for the remainder of the term. In connection with the first of the aforesaid provisions, the lessee agreed to keep the building painted on the inside and to repair promptly all parts of the building damaged by the lessee in the operation of said business, or such as were occasioned by the removal of the lessee’s fixtures and equipment. Such repairs were to be completed by the date of the termination of the lease.
Plaintiff alleges that the defendant breached the aforesaid contract in these particulars; first, by his failure to pay the rent for the months of October and November, 1958; second, that after having *638 vacated the premises, defendant refused to make the necessary repairs and painting to place the premises in as good condition as when received by him, ordinary wear and tear excepted; and, third, by his failure to pay the increase in the insurance premium on the building resulting from the nature of defendant’s business.
On account of these alleged violations of the aforesaid lease, plaintiff claimed of the defendant $425 for five months’ rent at $85 per month, $115 for the repairs to the building and painting of the interior, and $406 for the increase in the fire insurance premium for the time the building was occupied by defendant and the increased insurance rate was in effect. On the case being called for trial, the defendant tendered the plaintiff a check in the sum of $353.74, $110 of which was stipulated for payment of the painting and repairs, and the remainder of $243.74 as the difference in the insurance premium on that part of the building to which defendant contended his obligation as to increased premiums only extended. The issues were, therefore, reduced and restricted; first, as to whether or not the lease was cancelled and/or terminated; and, second, whether the defendant was obligated to pay the differential in fire insurance premium on the remaining portions of the building occupied by other businesses. This differential was stipulated in the sum of $68.80, which sum, plus the alleged accelerated rent, constitutes the amount in controversy.
The defense is that the lease was can-celled six months before the expiration of its term, in consideration for which agreement to cancel defendant agreed to pay the rent for the month of September, 1958, to repair the premises and paint the interior, and to deliver the building to plaintiff in as good condition as received, with the exception of the usual wear and depreciation. After trial, there was judgment in plaintiff’s favor for $425, together with 10 per cent additional as attorneys fees, as specified in the lease in the event an attorney was employed to collect the rent due thereunder, and for the further sum of $68.80 and costs. From this judgment the defendant has appealed.
The facts as established by the record may be briefly stated. The defendant-lessee, with the agreement of plaintiff, had sublet the premises to one Orin W. Dooley, who removed from the premises in September, 1958. This action was followed by a discussion between plaintiff and defendant concerning the lease. Defendant desired to be relieved from further payment of rent on the building. Plaintiff agreed that if the defendant would repair the building and paint the interior and pay the rent for the month of September, 1958, he would release defendant from further compliance with his obligation under the lease. Defendant thereafter mailed plaintiff a check for $85 for the rent due for the month of September; but, notwithstanding the agreement and the insistence of plaintiff that he do so, defendant failed to make the repairs to the building or to paint the interior as agreed upon; whereupon defendant, through counsel, was informed of the amount of the insurance premium and notice was given that, unless the rent for the months of October and November, 1958, was paid, the option to mature the remaining installments of rent would be exercised.
Defendant’s position is that by virtue of the new agreement, the old agreement had become abrogated; in other words, that defendant’s obligation under the written agreement had become novated by the verbal agreement, one of the purposes of which was the cancellation of the lease. The new agreement was conditional dependent upon defendant’s paying the rent for the month of September, 1958 and making the repairs to the building and painting the interior. Only the month’s rent was paid. The repairs and painting, *639 as heretofore stated, were not done. The conditions upon which plaintiff agreed to a cancellation of the lease were never met or complied with by the defendant, hence the latter agreement never became an effective or binding contract, and there was, therefore, no novation of the original lease. LSA-C.C. Art. 2185 stipulates : “Novation is a contract, consisting of two stipulations; one to extinguish an existing obligation, the other to substitute a new one in its place.” A new conditional obligation does not fulfill these requirements in order to effect a novation until the condition is fulfilled. The general rule is that the new obligation must be valid and binding in order to replace the former obligation and thus effect a novation. Russ v. United Farm Equipment Co., Inc., 230 La. 889, 89 So.2d 380; 25 T.L.R. 109 et seq. We therefore conclude, as did the trial court, that the original lease contract remained a valid and subsisting obligation. No new agreement was substituted therefor, and, hence, defendant is bound by its terms.
Neither do we find any merit in defendant’s contention that plaintiff’s possession of a key to the premises constituted an eviction of defendant or prevented the fulfillment of his obligation to make the repairs and do the painting. Plaintiff insisted upon these repairs and the record is void of any showing of any unwillingness on plaintiff’s part to make the building accessible to defendant in order that he might carry out his obligation. The showing is to the contrary. In fact, defendant does not even contend that he was prevented by plaintiff from entering the building to have the repairs made.
Nor do we find any merit in defendant’s contention as concerns the provision of the lease relating to the increased insurance premium resulting from the nature of defendant’s business, for, under clear expressions in the lease, defendant’s obligation extends to any increase in insurance rates on the building or any part thereof as it then existed as well as on any additions thereto.
For the aforesaid reasons, the judgment appealed is affirmed at appellant’s cost.
Affirmed.