# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 15-30487

————

HDRE BUSINESS PARTNERS LIMITED GROUP, L.L.C.,

      Plaintiff - Appellant

v.

RARE HOSPITALITY INTERNATIONAL, INCORPORATED, doing business as Longhorn Steakhouse,

      Defendant - Appellee.

————

Appeal from the United States District Court
for the Western District of Louisiana

————

United States Court of Appeals
Fifth Circuit

**FILED**

August 19, 2016

Lyle W. Cayce
Clerk

Before REAVLEY, JOLLY, and ELROD, Circuit Judges.

JENNIFER WALKER ELROD, Circuit Judge:

HDRE Business Partners Limited Group, L.L.C., appeals the district court's award of attorneys' fees for RARE Hospitality International, Inc., under an attorneys' fees provision in a lease agreement between the parties that was subsequently novated by another agreement. Because the attorneys' fees provision was extinguished when the lease was novated, we REVERSE the district court's judgment awarding attorneys' fees.

## I.

This attorneys' fees dispute arises out of an underlying lease dispute between HDRE Business Partners Limited Group, L.L.C. ("HDRE"), and RARE Hospitality International, Inc. ("RARE"). RARE became interested in

developing a LongHorn Steakhouse restaurant in a shopping center being built in Bossier City, Louisiana.  RARE wanted to lease the property, but Stirling Bossier L.L.C. ("Stirling"), the owner, wanted to sell it.  RARE approached HDRE and the parties agreed that HDRE would purchase the property from Stirling and lease it to RARE.  HDRE and Stirling entered into a purchase agreement in August 2007, and HDRE and RARE entered into a lease agreement ("the Lease") in February 2008.  The Lease contained an attorneys' fees provision:

> **26.16 Right to Attorneys' Fees**.  In the event of any suit, action or proceeding at law or in equity, by either of the parties hereto against the other by reason of any manner or thing arising out of this Lease, the prevailing party shall have the right to recover, not only its legal costs, but its Attorneys' Fees.

The Lease did not expressly address the possibility of a future novation.

RARE later decided that it preferred purchasing the property directly rather than leasing it.  Consequently, in May 2008, RARE, HDRE, and Stirling entered into an Amendment and Assignment of Contract agreement ("the Assignment").  In the Assignment, HDRE assigned to RARE its rights and duties under its August 2007 purchase agreement with Stirling, and RARE agreed to pay HDRE $210,000 upon closing.  The Assignment did not address its effects on the Lease and did not contain an attorneys' fees provision.  The Assignment gave RARE a one-week window within which it could terminate if it was unable to obtain internal corporate approval for the purchase.  RARE could not obtain internal corporate approval and exercised its option to terminate within the one-week window. HDRE then demanded that RARE comply with its duty to rent the property under the Lease, and when RARE refused, HDRE sued RARE for breach of contract.

The district court granted RARE's motion for summary judgment, determining that the parties clearly intended for the Assignment to novate,

No. 15-30487

and thus extinguish, the Lease.  We reversed on appeal, reasoning that it was "not clear and equivocal" that the parties intended to novate the Lease.  *HDRE Bus. Partners Ltd. Grp., L.L.C. v. RARE Hosp. Int'l, Inc.* (*HDRE I*), 484 F. App'x 875, 878 (5th Cir. 2012).  The case then proceeded to a four-day jury trial, after which the jury returned a verdict form providing as follows:

> 1.  Has RARE proven by a preponderance of the evidence that both RARE and HDRE clearly and unequivocally intended to substitute the Assignment of HDRE's obligation to purchase for RARE's obligation to lease under the Lease Agreement, so that RARE's obligation to lease was no longer enforceable?
> _X_ YES                           ____ NO

The district court accordingly entered judgment for RARE, HDRE appealed, and we affirmed. *HDRE Bus. Partners Ltd. Grp., L.L.C. v. RARE Hosp. Int'l, Inc.* (*HDRE II*), 577 F. App'x 264 (5th Cir. 2014).

RARE then moved for attorneys' fees under the novated Lease's prevailing party attorneys' fees provision. The district court held that attorneys' fees were available because the attorneys' fees provision had survived the novation.  Upon the magistrate judge's recommendation, the district court awarded RARE $750,000 in attorneys' fees.  HDRE appeals.

## II.

The parties' dispute over the Lease was a diversity case in which Louisiana law supplied the rules of decision, and we consequently look to Louisiana law to determine the availability and reasonableness of attorneys' fees.  *Wal-Mart Stores, Inc. v. Qore, Inc.*, 647 F.3d 237, 242 (5th Cir. 2011).[1] We review an award of attorneys' fees for abuse of discretion, reviewing underlying legal determinations *de novo* and underlying factual

---

[1] Both parties brief the issues in this case under Louisiana law.  The Lease provides that it "shall be construed under and enforced in accordance with the laws of the state in which the Shopping Center is located," which is Louisiana.

3

determinations for manifest error. *Covington v. McNeese State Univ.*, 119 So.3d 343, 348 (La. 2013); *Wooley v. Lucksinger*, 61 So.3d 507, 553–54 (La. 2011). Because the district court, in the ruling that is the subject of this appeal, determined that the Lease was unambiguous and "address[ed] the legal entitlement to attorneys' fees under the Lease," our review is *de novo*. *See Hoffman v. Travelers Indem. Co. of Am.*, 133 So.3d 993, 997–98 (La. 2014) (interpreting unambiguous contract as a matter of law).

The availability of attorneys' fees in this case turns on the relationship between the Lease and the Assignment, which relationship is governed by the law of novation in Louisiana. We begin by briefly summarizing the relevant law in that area.

"Novation is the extinguishment of an existing obligation by the substitution of a new one." La. Civ. Code art. 1789. When the Louisiana Civil Code speaks of an "obligation," it refers to "a legal relationship" between multiple parties, not any particular right or duty owed by one party to another. *Id.* art. 1756; *accord id.* cmt. b ("[A]n obligation is a legal relationship rather than a mere duty to perform."); Saul Litvinoff & Ronald J. Scalise Jr., *5 La. Civ. L. Treatise: Law of Obligations* § 1.1 Westlaw (database updated Nov. 2015) ("In the technical terminology of the civil codes, . . . the word 'obligation' means a legal bond that binds two persons in such a way that one of them, the creditor or obligee, is entitled to demand from the other, the debtor or obligor, a certain performance.").

Accordingly, unless the parties express a clear intent to the contrary, a novation typically extinguishes a legal relationship in its entirety rather than surgically excising individual rights and duties. As we have explained:

> It is important to distinguish the obligation from the rights and duties derived therefrom, as this distinction bears on the concept of novation, which is here at issue. When the Louisiana Civil Code speaks of novation, it is referring to the substitution of a new

> obligation for an existing one, rather than any substitution of the correlative rights and duties attendant on the old or new obligations.

*Langhoff Props., LLC v. BP Prods. N. Am. Inc.*, 519 F.3d 256, 260–61 (5th Cir. 2008); *see also In re Bayhi*, 528 F.3d 393, 404 & n.34 (5th Cir. 2008) ("By definition, a novation extinguishes existing obligations—here, the Loan, not the rights and duties of the parties inter se—by substituting a new obligation for the old one . . . ."). In the specific context of leases, we have elaborated that individual duties like the lessor's duties of "delivering the Property" and "protecting [the lessee's] peaceful possession," and the lessee's duties of "paying the rent" and "using the Property as prudent administrator," "are correlative to, and flow from, the overarching conventional or legal obligation"—*i.e.*, "the conventional obligation of contract or lease." *Langhoff Props.*, 519 F.3d at 260. The novation of a lease typically results in the substitution of some new obligation for the existing lessor-lessee relationship, "rather than any substitution of the correlative rights and duties" such as the duty to pay rent. *Id.* at 261.

We hold that the novation of the Lease extinguished the parties' rights under that agreement to prevailing-party attorneys' fees and that the district court consequently abused its discretion in awarding fees to RARE. The jury found "that both RARE and HDRE clearly and unequivocally intended to substitute [the Assignment] for RARE's obligation to lease under the Lease Agreement, so that RARE's obligation to lease was no longer enforceable." The implication of that finding is not that the Assignment had the narrow effect of excising RARE's duty to pay rent while leaving the remainder of the Lease intact. Rather, the jury's finding of a novation means that the Assignment extinguished the original lessor-lessee relationship in its entirety, including all of its correlative rights and duties such as the right to prevailing party attorneys' fees. This result is consistent with the principle that "[t]he

extinction of the original obligation also extinguishes its accessories." Litvinoff & Scalise, *supra*, § 17.44; *see also* Alain A. Levasseur, *Louisiana Law of Obligations: A Precis* 209 (1993) ("The new obligation which emerges from the juridicial act of novation is free of all the rights of action and exceptions which were attached to the former and original obligation.").[2]

We disagree with the district court's conclusion that several provisions of the Lease evince the parties' intent for the attorneys' fees provision to survive a future novation. Because novation turns on the parties' intent, parties can certainly limit the effects of a novation by expressly stating in their subsequent agreement that they wish to novate a prior agreement without wholly displacing it. *Rebel Distributors Corp., Inc. v. LUBA Workers' Comp.*, 144 So. 3d 825, 839–40 (La. 2013). In this case, however, the parties' subsequent agreement—the Assignment—"d[id] not address the issue of novating the lease agreement" at all. *HDRE I*, 484 F. App'x at 877. We conclude that the Lease did not address the issue of novation either.

The district court focused primarily on the attorneys' fees provision itself, which by its terms applies broadly to "any suit, action or proceeding . . . arising out of this Lease." While the district court was surely correct that this broad language applies on its own terms to the parties' underlying dispute in this case, the attorneys' fees provision reveals nothing about the circumstances under which it will (or will not) cease to be *operative*. A broadly-worded contract term is no less subject to being extinguished by novation than a narrowly-worded one. The district court also focused on a term in the Lease providing as follows:

---

[2] The parties have not cited, and we have not found, a single Louisiana case enforcing an attorneys' fees provision—or, indeed, any individual provision—of a subsequently novated agreement.

6

No. 15-30487

**26.18 Invalidity of Provisions**.  If any term or provision of this Lease or the application thereof to any person or circumstances shall to any extent be invalid or unenforceable, the remainder of this Lease, or the application of such term or provision to persons whose circumstances are other than those as to which it is held unenforceable, shall not be affected thereby.

This provision does not indicate that the parties to the Lease intended that any future novation of the Lease would operate in piecemeal fashion.  Rather, it is simply a severability clause, instructing future courts not to disturb more of the Lease than necessary if some portion of the Lease is invalid.

We are also not persuaded by RARE's argument that the Lease provision governing attorneys' fees created conjunctive obligations that could survive separately from the parties' rights and duties as lessor and lessee.  Regardless of whether Louisiana's default novation rules operate differently when the original obligation is conjunctive, the Lease in this case did not contain conjunctive obligations.  The Civil Code provides that "[a]n obligation is conjunctive when it binds the obligor to multiple items of performance that may be separately rendered or enforced.  In that case, each item is regarded as the object of a separate obligation."  La. Civ. Code art. 1807.  "A distinctive characteristic of the conjunctive obligation is the possibility of piecemeal discharge."  *Id.* cmt. f; *accord, e.g.*, *Jones v. City of New Orleans*, 20 So. 3d 518, 523 (La. Ct. App. 2009); *Stelly v. Guidroz*, 838 So. 2d 900, 904 (La. Ct. App. 2003).  The right to prevailing-party attorneys' fees in any dispute about the Lease was not capable of piecemeal discharge and did not arise from some separate legal relationship apart from the lessor-lessee relationship itself.  Rather, it was part and parcel of the lessor-lessee relationship, the obligation embodied by the Lease as a whole.

Finally, we do not share the district court's concern that the parties could not have intended for the availability of attorney's fees to turn on which party prevailed in the underlying dispute and on which defenses were raised.  RARE

7

frames this point in terms of symmetry, asserting that it would be "absurd" if "the mutual obligations contained in the prevailing party provision [were to] become unilateral in nature." We readily acknowledge that attorneys' fees under the Lease would have been available in this case if HDRE had prevailed at trial or if RARE had prevailed on some defense other than novation. But that is no "absurd" result; rather, it simply reflects one risk of raising a novation defense. It will almost always be the case that if one party successfully defends a breach-of-contract lawsuit by arguing that the sued-upon agreement has been novated, that party will not get the benefit of a prevailing-party provision in the novated agreement. For instance, if the roles in this case had been reversed from the beginning with RARE suing HDRE to enforce the Lease and HDRE successfully defending the lawsuit by showing that the Lease had been novated, HDRE likely would not have been entitled to attorneys' fees just as RARE is not entitled to them now. There is no asymmetry here. RARE may not avoid the standard legal consequences of novation simply because its other defenses at trial would have had different legal consequences.

## III.

Because the Lease was extinguished in its entirety by novation, we REVERSE the district court's judgment awarding attorneys' fees to RARE under the Lease.