Judgment rendered March 4, 2020.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,417-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

AG RESOURCE                                    Plaintiffs-Appellees
MANAGEMENT, LLC. AND
AGRIFUND, LLC

versus

BUNGE NORTH AMERICA, INC.              Defendants-Appellants
AND DANNY ALLEN
DICKERSON

* * * * *

Appealed from the
Sixth Judicial District Court for the
Parish of Tensas, Louisiana
Trial Court No. 23,971 Division "A"

Honorable Michael E. Lancaster, Judge

* * * * *

WIENER, WEISS & MADISON               Counsel for Defendant-
By: R. Joseph Naus                             Appellant Bunge North
    Patrick L. McCune                          America, Inc.

HUSCH BLACKWELL, LLP
By: Marshall C. Turner
    Jamie H. Steiner

DANNY ALLEN DICKERSON                  In Proper Person

BREITHAUPT, DUBOS & WOLLESON, LLC     Counsel for Plaintiffs-
By: Michael L. Dubos                          Appellees Ag Resource
    K. Lamar Walters, III                      Management, LLC &
                                               Agrifund, LLC

* * * * *

Before MOORE, McCALLUM, and THOMPSON, JJ.

**MOORE, J.**

Bunge North America appeals a judgment that denied its motion for summary judgment and allowed the plaintiffs, Ag Resource Management LLC and Agrifund LLC, to pursue their claim of wrongful conversion. The plaintiffs have filed a motion to dismiss the appeal. For the reasons expressed, we deny the motion to dismiss, convert the appeal to a writ application, deny the writ, and remand the case for further proceedings.

## FACTUAL BACKGROUND

The original lender was Ag Resource Management of Louisiana ("ARM"), which later assigned its assets to Agrifund LLC. In March 2015, ARM granted a crop loan to Radar Ridge Planting Co., a farming company that operated in Morehouse, Franklin and Richland Parishes. Radar Ridge, through its president, Tommy Dickerson, executed a promissory note ("the 2015 note") for $2,683,002, to come due on December 15, 2015. Radar Ridge also executed an Agricultural Security Agreement ("ASA") which granted a security interest in its 2015 corn crop, wherever located, for "any and all present and future loans, loan advances, extensions of credit and/or other financial accommodations" from the lender, with "a continuing security interest in the Collateral * * * to secure any and all present and future indebtedness as may be outstanding from time to time[.]" ARM filed a UCC-1F financial statement, which described the collateral as "all crops grown in [Louisiana] together with all present and future FSA payments."

Radar Ridge booked its 2015 corn crop with Bunge, which operated a grain storage facility in Tensas Parish. According to the ASA and UCC-1F, ARM's security followed the corn into Bunge's silos.

In August 2015, someone at Bunge altered the 79 grain storage tickets, scratching out the name "Radar Ridge" and handwriting in "Danny Dickerson," Tommy Dickerson's father. Bunge then issued a check, for $347,217, made out jointly to Danny Dickerson and to Winnsboro State Bank & Trust, completely ignoring ARM's security interest.

In September 2015, ARM assigned its assets, including the 2015 note and ASA, to Agrifund.

In December 2015, the 2015 note matured. Agrifund alleged that in January 2016, Tommy Dickerson approached its officers about transferring the crop loan to a crop storage loan. Agrifund now concedes that owing to constraints from its own lender, Capital One, it could not simply extend the maturity date of the 2015 note; the borrower's only options were to pay off the note, or to execute a new note on the crop storage loan, and Dickerson chose the latter.

In January 2016, Radar Ridge executed a new promissory note ("the 2016 note"), for $3,002,940, to come due on June 15, 2016. Radar Ridge also executed a new ASA, and Agrifund filed another UCC-1F. Most of the proceeds of the 2016 note were applied to pay off the 2015 note; statements sent from ARM to Radar Ridge showed a zero balance on the 2015 note.

In February 2016, Agrifund sent employees to Bunge's facility for a periodic inspection of the bins that were supposed to be holding Radar Ridge's corn. They found, however, that the bins were empty, and at this time Agrifund realized that its collateral had been sold.

Radar Ridge did not pay the 2016 note when it came due.

## PROCEDURAL HISTORY

Agrifund and ARM filed this suit in February 2016 against Bunge and Danny Dickerson. They alleged that the defendants converted their collateral, the 2015 corn crop, that was subject to the plaintiffs' security interest. Discovery was extensive, and resulted in an October 2017 nondisclosure agreement wherein several exhibits were placed under seal.

Bunge filed this motion for summary judgment in August 2018. It contended that Agrifund could not prove any damages because (1) the 2015 note had been paid in full, with the proceeds of the 2016 note, and (2) a novation had occurred, whereby all accessory obligations of the 2015 note were extinguished when that note was novated in favor of the 2016 note. It argued that any time "a debtor contracts a new debt to his creditor, which new debt is substituted for an old one, which is extinguished, novation occurs," *Scott v. Bank of Coushatta*, 512 So. 2d 356 (La. 1987), and once the principal obligation is extinguished, all accessory obligations are also extinguished. In support, it attached 15 exhibits, including depositions of Agrifund's CEO, Brad Terral, and regional risk manager, Robby Miller, who stated that they could not extend the 2015 note, owing to an agreement with their own lender, Capital One, so they issued the 2016 note to pay it off. Bunge also attached Exhibit 38, the transcript of a June 2018 hearing on a motion to compel, in which Agrifund's counsel allegedly conceded that the 2015 note was paid in full with the proceeds of the 2016 note.

Agrifund opposed the MSJ, arguing that there was no novation: the 2016 note was a "mere modification of an obligation" or "a new writing," which La. C.C. art. 1881 defines as *not* novation. It quoted the ASA ("any and all present and future loans" and "present and future indebtedness") and

argued that this expressed the consent of the debtor to transfer the security to a new obligation, as allowed by La. C.C. art. 1884. Agrifund also offered the affidavits of Terral and Miller, under seal; these stated that the purpose of the 2016 note was to extend the maturity date for the 2015 note.

## ACTION OF THE DISTRICT COURT

The matter came for a hearing in September 2018. Agrifund moved to strike Exhibit 38 on grounds that a transcript is not allowable summary judgment evidence, La. C.C.P. art. 966 A(4); the court granted this. Bunge did not object to the Terral and Miller affidavits filed by Agrifund.

At the close of the hearing, the court conceded that it initially thought the first loan was paid off, there was a novation, and thus the ASA was extinguished. However, after hearing the arguments, the court found the matter "not so clear," and felt it must go to trial. The court therefore denied the motion for summary judgment, and later signed a judgment designating this as final and immediately appealable, under La. C.C.P. art. 1915 B.

Bunge took this appeal, designating five assignments of error. Agrifund and ARM filed a motion to dismiss the appeal on grounds that the denial of a motion for summary judgment is interlocutory and not appealable, La. C.C.P. art. 968. We will address this issue first.

## DISCUSSION

### *Appealability of Judgment*

An appeal does not lie from the court's refusal to render any summary judgment. La. C.C.P. art. 968; *Hood v. Cotter*, 08-0215 (La. 12/2/08), 5 So. 3d 819. This is because denial of summary judgment is interlocutory: it does not determine the merits but only preliminary matters in the course of the action. La. C.C.P. art. 1841; *Weaver v. City of Shreveport*, 52,407 (La.

4

App. 2 Cir. 12/19/18), 261 So. 3d 1079. A court may render a partial summary judgment, as to one or more of all claims, and determine and designate this as a final judgment. La. C.C.P. art. 1915 B; *Terrell v. Town of Lecompte*, 18-1087 (La. 9/28/18), 253 So. 3d 134. However, the court may not designate the denial of summary judgment as final and appealable. *SS v. State*, 02-0831 (La. 12/4/02), 831 So. 2d 936; *Weaver v. City of Shreveport*, *supra*.

The district court was plainly wrong to designate the denial of Bunge's motion for summary judgment as final. However, in the interest of judicial economy, the appellate court may convert an unauthorized appeal to a supervisory writ and treat it as if the writ had been granted. *Burmaster v. Plaquemines Parish Gov't*, 07-2432 (La. 5/21/08), 982 So. 2d 795; *Port City Glass & Paint Inc. v. Brooks*, 52,534 (La. App. 2 Cir. 2/27/19), 266 So. 3d 516. We also note that Bunge's motion for appeal was filed within the 30 days allowed for a writ application. URCA 4-3; *Port City Glass & Paint v. Brooks*, *supra*. We will therefore address the issues raised, under our supervisory jurisdiction.

### Denial of Summary Judgment on Issue of Novation

By its first three assignments of error, Bunge urges the district court erred in denying the motion for summary judgment. Specifically, Bunge argues that it presented competent summary judgment evidence of a novation of the principal obligation; the plaintiffs' action is based entirely on "correlative rights of action and/or accessory obligations"; the novation extinguished these rights; and the plaintiffs failed to submit competent summary judgment evidence to establish a genuine issue of material fact. Bunge contends that Agrifund made an entirely new loan to Radar Ridge in

5

January 2016; this paid off the 2015 note, extinguished all ancillary causes of action, and negated Agrifund's claim of conversion.

Bunge cites the definitions of novation, La. C.C. art. 1879 ("the extinguishment of an existing obligation by the substitution of a new one") and of objective novation, La. C.C. art. 1881 ("by agreement of the parties, a new performance is substituted for that previously owed"), and urges that the 2016 note was precisely such a "new performance." It further contends that novation extinguishes the entire original legal relationship, including all correlative rights and duties. *HDRE Business Partners Ltd. Group v. Rare Hospitality Int'l Inc.*, 834 F. 3d 537 (5 Cir. 2016); *In re Barnett Marine Inc.*, 343 B.R. 561 (E.D. La. 2006). Factually, it cites specific items (Agrifund's account statements, the depositions of Terral and Miller) as proof that the 2016 note paid off and extinguished the 2015 note; and others (Agrifund's credit agreement with Capital One, the same depositions) to show that by January 2016, Agrifund could not have used the 2015 note as collateral, and thus was required to cancel it and issue a new obligation.[1] It concludes that all this established novation, beyond a genuine issue of material fact.

A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. La. C.C.P. art. 966 A(3); *Maggio v. Parker*, 17-1112 (La. 6/27/18), 250 So. 3d 874. An issue is genuine "if reasonable persons could disagree." *Peironnet v. Matador Res. Co.*, 12-2292 (La. 6/28/13), 144 So. 3d 791. In ruling on the motion for summary judgment, the district court is

---

[1] Agrifund's credit agreement with Capital One stated, "Unless the Required Lenders otherwise expressly consent in writing, the following shall not constitute an "Eligible Note": * * * (xi) any Portfolio Note the payment of which is thirty (30) days or more past due[.]"

not to evaluate the weight of the evidence or determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved against granting the motion. *Hines v. Garrett*, 04-0806 (La. 6/25/04), 876 So. 2d 764. Summary judgment is seldom appropriate for determinations based on subjective facts of motive, intent, good faith, knowledge, or malice, yet it may be granted on such issues when "no issue of material fact exists concerning the pertinent intent." *Jones v. Estate of Santiago*, 03-1424 (La. 4/14/04), 870 So. 2d 1002.

Relevant to our analysis are the following code articles:

### Art. 1879. Extinguishment of existing obligations

Novation is the extinguishment of an existing obligation by the substitution of a new one.

### Art. 1880. Novation not presumed

The intention to extinguish the original obligation must be clear and unequivocal. Novation may not be presumed.

### Art. 1881. Objective novation

Novation takes place when, by agreement of the parties, a new performance is substituted for that previously owed, or a new cause is substituted for that of the original obligation. If any substantial part of the original performance is still owed, there is no novation.

Novation takes place also when the parties expressly declare their intention to novate an obligation.

Mere modification of an obligation, made without intention to extinguish it, does not effect a novation. The execution of a new writing, the issuance or renewal of a negotiable instrument, or the giving of new securities for the performance of an existing obligation are examples of such a modification.

### Art. 1884. Security for extinguished obligation

Security given for the performance of the extinguished obligation may not be transferred to the new obligation without agreement of the parties who gave the security.

Notably, Art. 1881 discourages the finding of novation in the absence of a clear indication that a new obligation has been contracted and the original obligation has been extinguished. *Rebel Distributors Corp. v. LUBA Workers' Comp.*, 13-0749 (La. 10/15/13), 144 So. 3d 825. Article 1881 explicitly states that the execution of a new writing, issuance of a negotiable instrument, or giving of new securities is a modification, not novation. *Id.*; *McKoin Starter & Generator Inc. v. Snap-On Credit Corp.*, 37,210 (La. App. 2 Cir. 6/25/03), 850 So. 2d 924, *writ denied*, 03-2605 (La. 12/12/03), 860 So. 2d 1156; *GE Comm'l Finance v. Louisiana Hosp. Ctr.*, 2010-1838 (La. App. 1 Cir. 6/10/11), 69 So. 3d 649. The key factor is the intent of the parties. *Rebel Distribs. Corp. v. LUBA*, *supra*; *Isaacs v. Van Hoose*, 171 La. 676, 131 So. 845 (1930). The burden of proof for establishing novation is on the party who asserts it. *Scott v. Bank of Coushatta*, *supra*; *Barham v. St. Mary Land & Expl. Co.*, 48,604 (La. App. 2 Cir. 11/20/13), 179 Oil & Gas Rep. 634, *writ denied*, 13-2943 (La. 2/21/14), 134 So. 3d 586.

At the outset, we observe that the word "novate" or "novation" never appears in the 2016 note. Absent such an express declaration, Bunge owed the burden of proving objective novation under Art. 1881. *Scott v. Bank of Coushatta*, *supra*; *Barham v. St. Mary Land & Expl. Co.*, *supra*.

On de novo review, we find genuine issues of material fact that preclude the grant of summary judgment. We agree that the proceeds of the 2016 note were applied to pay off the 2015 note, and the latter was marked as zero balance in ARM's statements to Radar Ridge; we also agree that a provision of Agrifund's credit agreement with Capital One made the 2015

8

note ineligible as collateral by January 2016. However, Art. 1881 prevents the finding of novation merely on the execution of a new writing. The issuance of a new note, which rolls in unpaid interest from an earlier note, is not novation. *Rex Finance Co. v. Cary*, 145 So. 2d 672 (La. App. 4 Cir. 1962), *aff'd*, 244 La. 675, 154 So. 2d 360 (1963). Agrifund's risk manager, Robby Miller, testified by deposition that even though they could not simply extend the deadline on the 2015 note, the "balance was shifted" to the new loan; its CEO, Brad Terral, testified by deposition that giving Radar Ridge the crop storage loan enabled Agrifund to maintain its collateral. This evidence creates a genuine issue whether the 2016 note was a substituted obligation, resulting in novation, or just a new writing with a substantial portion of the original performance still owed, defeating novation. The ambivalence of Miller's and Terral's depositions leaves wide open the genuine issue whether the lender intended to substitute a new obligation or, rather, to improvise a way to extend the old one.

Moreover, the ASA defined indebtedness as follows (with *emphasis added*):

Indebtedness: The term "indebtedness" refers to Grantor's [Radar Ridge] Indebtedness and obligations under a certain promissory note dated 3/3/2015, in the amount of U.S. $2,683,002.00, *as well as any substitute, replacement or refinancing note or notes for the above described promissory note.*

The term "indebtedness" also refers individually, collectively and interchangeably to *any and all present and future loans, loan advances, extensions of credit and/or other financial accommodations* obtained and/or to be obtained by Grantor from Lender, * * * from time to time, one or more times, now or in the future, *and any and all promissory notes and other instruments or agreements evidencing such present and future loans, loan advances, extensions of credit, and/or other financial accommodations* * * * that Grantor may now and/or in the future owe to or incur in favor of Lender[.]

This document shows the intent of Radar Ridge to apply the security not only to the 2015 note but to any substitute, replacement, or refinancing instrument, and thus may satisfy Art. 1884's provision that security may be transferred to a new obligation by "agreement of the parties who gave the security." At the very least, it creates a genuine issue whether, even if the 2016 note was a novation, the parties intended the security to transfer to the new obligation.

On de novo review, we find the summary judgment evidence does not show an absence of genuine issues as to novation, and does not show that Bunge is entitled to judgment as a matter of law. These assignments of error lack merit.

### *Evidentiary Issues*

By its fourth assignment of error, Bunge urges the district court erred in considering the plaintiffs' affidavits, to the extent that these were inconsistent with their discovery responses and earlier depositions, without any explanation of why these witnesses contradicted their prior testimony. Bunge contends that Miller and Terral gave "sham affidavits," merely in an effort to manufacture a genuine issue, but that no witness's affidavit can be used to contradict his prior deposition testimony. *Row v. Pierremont Plaza LLC*, 35,796 (La. App. 2 Cir. 4/3/02), 814 So. 2d 124, *writ denied*, 02-1262 (La. 8/30/02), 823 So. 2d 952; *Holmes v. North Texas Health Care Laundry Coop. Ass'n*, 304 F. Supp. 3d 525 (N.D. Tex. 2018).

By its fifth assignment, Bunge urges the district court erred in striking Exhibit 38 and disregarding it in ruling on the motion for summary judgment. Bunge concedes that a hearing transcript is not one of the items

listed as competent summary judgment evidence in La. C.C.P. art. 966 A(4).

However, Bunge argues that in that hearing, Agrifund's counsel made statements that amounted to a judicial confession, and as such are binding on the client. La. C.C. art. 1853; *C.T. Traina v. Sunshine Plaza Inc.*, 03-1003 (La. 12/3/03), 861 So. 2d 156; *Singleton v. Bunge Corp.*, 364 So. 2d 1321 (La. App. 4 Cir. 1978). Bunge further argues that there is no need to show that the other party detrimentally relied on the statement, to make it a judicial confession. *Alexis v. Metropolitan Life Ins. Co.*, 604 So. 2d 581 (La. 1992); *Royal v. Cook*, 2007-1465 (La. App. 4 Cir. 4/23/08), 984 So. 2d 156, *writ denied*, 08-1133 (La. 9/19/08), 992 So. 2d 941. Bunge concludes that had the court disallowed Miller's and Terral's affidavits, or allowed the transcript of the prior hearing, or done both of these things, it would have granted the motion for summary judgment.

The evidence admissible on a motion for summary judgment is limited by La. C.C.P. art. 966 A(4):

> The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. The court may permit documents to be filed in any electronically stored format authorized by court rules or approved by the clerk of court.

This provision, which took effect on January 1, 2016, lists the only documents that may be filed to support or oppose the motion for summary judgment.[2] *Davis v. Hixson Autoplex of Monroe LLC*, 51,991 (La. App. 2 Cir. 5/23/18), 249 So. 3d 177; *Raborn v. Albea*, 2016-1468 (La. App. 1 Cir. 5/11/17), 221 So. 3d 104. Items that are not listed in Art. 966 A(4), such as transcripts of prior proceedings, are not admissible on the motion. *Bryde v.*

---

[2] 2015 La. Acts No. 422.

11

*Lakeview Regional Med. Ctr. LLC*, 19-166 (La. App. 5 Cir. 12/11/19), 284 So. 3d 686, fn. 7. Exhibit 38, a transcript of a prior hearing, is not one of the documents on the exclusive list; moreover, Agrifund objected to it timely. The district court did not err in excluding it. The fifth assignment of error lacks merit.

A further refinement of the use of evidence on motion for summary judgment is stated in La. C.C.P. art. 966 D(2), also effective January 1, 2016: "The court may consider only those documents filed in support of or in opposition to the motion for summary judgment, and shall consider any documents to which no objection is made." Thus, the court is required to consider any item on the exclusive list if the opponent does not object to it. *Davis v. Hixson Autoplex*, *supra*; *McMahon v. City of New Orleans*, 2018-0842 (La. App. 4 Cir. 9/4/19), 280 So. 3d 796, *writ denied*, 19-01562 (La. 11/25/19), 283 So. 3d 498. The record shows that Bunge did not object to Miller's and Terral's affidavits, so the objection is waived. Moreover, we have examined the depositions. Miller testified that Agrifund "couldn't simply extend the deadline or the maturity date" of the 2015 note, but it could "take that grain [production loan] and roll it into a crop storage loan" and, thus, "I think we could extend it." This does not really conflict with his statement in affidavit, "The purpose of the 2016 crop storage loan was to extend the maturity date for the 2015 crop production loan that was not paid at maturity." Terral's deposition, while less equivocal, stated that the object was "to maintain our collateral," even though a technical "extension" was not possible. In short, the inconsistency is not enough to make either one a sham affidavit. The fourth assignment of error lacks merit.

## CONCLUSION

For the reasons expressed, we deny Agrifund and Ag Resource Management's motion to dismiss. We convert the appeal to a writ application, deny the writ, and remand the case for further proceedings. All costs are to be paid by Bunge North America Inc.

**MOTION TO DIMISS DENIED. APPEAL CONVERTED TO WRIT, WRIT DENIED, AND CASE REMANDED FOR FURTHER PROCEEDINGS**.